# EXHIBIT 1

2808

```
 1              UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK
 2
       ------------------------------X
 3     BARBARA DAVIDS,
                                 :   CV-06-0431
 4                                   (ADS)
              Plaintiff,
 5                               :   United States Courthouse
         -against-                   Central Islip, New York
 6
       NOVARTIS PHARMACEUTICALS
 7     CORPORATION, et al.,
                                 :   November 1, 2012
 8          Defendants.              9:45 a.m.
       ------------------------------X
 9                    TRANSCRIPT OF TRIAL
                BEFORE THE HONORABLE ARTHUR D. SPATT
10          UNITED STATES DISTRICT COURT JUDGE, and a jury.

11     APPEARANCES:
       For the Plaintiff:      JOHN J. VECCHIONE, ESQ.
12                             Valad & Vecchione, PLLC
                               3863 Plaza Drive
13                             Fairfax, Virginia 22030

14                             JOHN J. BEINS, ESQ.
                               Beins, Goldberg, & Hennessey LLP
15                             Chevy Chase Metro Building
                               2 Wisconsin Circle, Suite 700
16                             Chevy Chase, Maryland 20815

17     For the Defendants:     BRUCE J. BERGER, ESQ.
                               ROBERT E. JOHNSTON, ESQ.
18                             Hollingsworth, LLP
                               1350 I Street, N.W.
19                             Washington, D.C. 20005

20                             JACQUELINE BUSHWACK, ESQ.
                               Rivkin Radler
21                             926 RXR Plaza
                               Uniondale, New York 11556
22
       Official Court Reporter:    Paul J. Lombardi, RMR, FCRR
23     Ph. (631) 712-6106          100 Federal Plaza - Suite 1180
       Fax (631) 712-6122          Central Islip, New York 11722
24
                   Proceedings recorded by mechanical stenography.
25                      Transcript produced by CAT.
```

Rebuttal Summation - Mr. Beins

2926

1              **AFTERNOON SESSION**

2

3              THE CLERK:  Jury entering.

4              (Jury enters the courtroom.)

5              THE COURT:  Please be seated, members of the

6     jury.

7              Madame Deputy, you may make the announcement.

8              THE CLERK:  The court is about to charge the

9     jury.

10             Any person who wishes to leave may do so now.

11    No one will be permitted to enter or leave during the

12    court's charge.

13             THE COURT:  Members of the jury, now that the

14    evidence in this case has been presented and the attorneys

15    for the plaintiff and the defendant have concluded their

16    closing arguments, it is my responsibility to instruct you

17    as to the law that governs this case, after which you will

18    retire for your deliberations.

19             You must pay close attention to me as I instruct

20    you on the law.  I will go as slowly as I can, and be as

21    clear as possible.  I told you at the very start of the

22    trial that your principle function during the taking of

23    testimony would be to listen carefully, and observe each

24    witness who testified.  It has been obvious to me and to

25    counsel that you have faithfully discharged this duty.

2927

1      Your interests never declined, and it is evident

2  that you followed the testimony at this trial with close

3  attention.

4      My instructions will be in three parts.

5      First, I will instruct you regarding the general

6  rules that define and govern the duties of a jury in a

7  civil case.

8      Second, I will instruct you as to the legal

9  elements of the three causes of action at issue and the

10  rights and obligations of the respective parties.

11      And, third, I will give you some general rules

12  regarding your deliberations.

13      To start with, your function as jurors is to

14  determine what the facts are, what happened here, and

15  apply the rules of law that I give to you to the facts as

16  you determine them to be.  The conclusions thus reached

17  will be your verdict.  You will determine what the facts

18  are from all the testimony that you heard, and the

19  exhibits that were introduced in evidence.

20      You are the sole and exclusive judges of the

21  facts.  In that field, neither I nor anyone else may

22  invade your province.  I have endeavored to proceed side

23  fairly and impartially, and not to express any opinion

24  concerning the facts.  Any views of mine on the facts

25  would, in any event, be totally irrelevant.

Rebuttal Summation - Mr. Beins

2928

1            On the other hand, and with equal emphasis, I

2    instruct you that you are bound to accept the rules of law

3    that I give you, whether you agree with them or not.  It

4    is your duty as jurors to follow the law as I shall state

5    it to you, and to apply that law to the facts as you find

6    them from the evidence in the case.

7            You are not to single out one instruction alone

8    as stating the law, but must consider the instructions as

9    a whole.  In the course of the trial, or in their closing

10   arguments, the attorneys may have referred to some rules

11   of law.  If there appears to you to be any difference

12   between the law as stated by counsel, and the law as I now

13   state it to you, it is my instruction on the law that you

14   must follow.

15           You have now heard all of the evidence

16   introduced by both sides, and through arguments of their

17   respective attorneys you have learned the conclusions

18   which each party believes should be drawn from the

19   evidence presented to you.  In accordance with your oath

20   as a juror, in determining the issues of fact presented in

21   this case, it is your duty as jurors to consider the

22   evidence before you with complete impartiality, and to

23   render your verdict without bias, prejudice or sympathy as

24   to either party.

25           Both parties are equal before the law, and you

Rebuttal Summation - Mr. Beins

2929

1   can assume that the case is important to both parties.

2          So that this case should be considered and

3   decided by you as an action between parties of equal

4   standing in the community, corporations are entitled to

5   the same fair trial at your hands as a private person.

6   All persons, including individuals and corporations, stand

7   equal before the law, and are to be dealt with as equals

8   in a court of justice.

9          During the trial, you have heard the attorneys

10  make objections to certain questions, and to the

11  admissibility of certain exhibits.  The attorneys have a

12  right and an obligation to make such objections, and no

13  inference should be made by you with regard to such

14  objections.

15         You may recall that at the beginning of the

16  trial, a long time ago, I stated for you certain

17  principles, so that you could have them in mind as the

18  trial progressed.  Briefly they were that you are bound to

19  accept the law of the case as I give it to you, whether or

20  not you agree with it, further, that you must not infer

21  from my rulings, or from anything that I have said during

22  the trial that I hold any views for or against either

23  party to this lawsuit, my views being completely

24  irrelevant to your determinations, in any event.

25         Further, nothing I have said or done during the

Rebuttal Summation - Mr. Beins

2930

1  trial should be taken by you as expressing any opinion by

2  me about the facts.  Also on occasion I have asked

3  questions of a witness.  You should attach no special

4  significance to these questions because they were asked by

5  the court.  My questions were asked to attempt to clarify

6  a point, or to expedite matters.  It is your function to

7  determine the facts, not mine.

8       Further, you may not draw any inference from an

9  unanswered question or consider testimony which has been

10  stricken in reaching your conclusions.

11       Further, in deciding the degree of weight you

12  choose to give to the testimony of any particular witness,

13  there is no magical formula which can be used.  In your

14  everyday affairs you determine for yourselves the

15  reliability or unreliability of statements made to you by

16  others.  The same tests that you use in your everyday

17  dealings are the tests which you apply in your

18  deliberations.

19       For example, the interest or lack of interest of

20  any witness in the outcome of this case, the bias or

21  prejudice of a witness, if there be any, the relationship

22  of the witnesses to the parties to the lawsuit, the

23  appearance, the manner in which the witness gives his or

24  her testimony on the stand, the opportunity that the

25  witness had to observe the facts concerning which he or

Rebuttal Summation - Mr. Beins

2931

1   she testifies, the probability or improbability of the

2   witness's testimony, when viewed in the light of all the

3   other evidence in the case, are all factors, among others,

4   to be taken into your consideration in determining the

5   weight, if any, you will give to the testimony of that

6   witness.

7          How do you determine the credibility of a

8   witness?  You watched the witnesses testify.  How did the

9   witness impress you?  Did he or she appear to be frank,

10  forthright and candid, or evasive and edgy, as if hiding

11  something?  How did the witness appear?  What was his or

12  her demeanor, that is, his or her carriage, behavior,

13  manner, and appearance while testifying.

14         You may consider whether any witness has

15  demonstrated bias, prejudice or hostility toward either

16  the plaintiff or defendant in determining the weight to be

17  accorded to that witness's testimony.  In other words,

18  what you must try to do in deciding credibility is to

19  evaluate a witness in light of his or her demeanor, the

20  explanations given, and all the other evidence in the

21  case.  Always remember that you should use your common

22  sense, your good judgment, and your own life experience.

23         If such considerations make it appear that there

24  is a discrepancy in the evidence, you will have to

25  consider whether the apparent discrepancy may not be

Rebuttal Summation - Mr. Beins

2932

1    reconciled by fitting the several versions together.  If,

2    however, that is not possible, you will then have to

3    determine which of the conflicting versions you will

4    accept.

5          In making the factual determinations on which

6    your verdict will be based you may consider only the

7    testimony of the witnesses as you have heard it in this

8    courtroom, and the exhibits which have been admitted into

9    evidence.  Also, there has been read to you testimony

10   given by deposition, and by video deposition.  Under our

11   rules of practice, a deposition is taken under oath, and

12   is entitled to equal consideration by you, notwithstanding

13   the fact that it was taken prior to the trial, and outside

14   the courtroom.

15         However, the arguments, remarks, opening

16   statements and summations of the opposing attorneys are

17   not evidence.  Also, anything that I now say or may have

18   said with regard to the facts is not evidence.  As I

19   stated, the evidence in this case consists of the sworn

20   testimony of the witnesses, regardless of who may have

21   called them, the deposition and video deposition

22   testimony, and all the exhibits received in evidence,

23   regardless of who may have produced them.

24         As I advised you, the evidence in this case is

25   the sworn testimony of the witnesses, the deposition and

Rebuttal Summation - Mr. Beins

2933

1  video deposition testimony, and the exhibits received in

2  evidence.  Unanswered questions are not evidence.  I also

3  advised you that the gratuitous statements by the

4  attorneys are not evidence.  What they may have said to

5  you in their opening statements and in their summations is

6  intended to help you understand and evaluate the evidence

7  in reaching your verdict.

8         However, if your recollection of the facts

9  differs from the lawyers' statements, it is your

10  recollection that controls.

11        As I said, testimony that has been stricken or

12  excluded is not evidence, and may not be considered by you

13  in rendering your verdict.  You will recall that I granted

14  many motions to strike testimony as not being responsive.

15  Please adhere to that instruction.

16        To constitute evidence, exhibits must be

17  received in evidence.  Exhibits marked for identification

18  but not admitted are not evidence, nor are materials

19  produced only to refresh a witness's recollection.  It is

20  for you alone to decide the weight if any to be given to

21  the testimony you have heard, and the exhibits that were

22  introduced.

23        The plaintiff, Barbara Davids, and her son, Ian

24  Newman, testified at this trial.  They are what we call

25  interested witnesses.  An interested witness is not

Rebuttal Summation - Mr. Beins

2934

1    necessarily less credible than a disinterested witness.

2    The fact that a witness is interested in the outcome of

3    the case does not mean that she or he has not told the

4    truth.

5         It is for you to determine, from her or his

6    demeanor on the stand, and such other tests as your

7    experience dictates whether or not her or his testimony

8    has been influenced, intentionally or unintentionally, by

9    her or his interest.  You are at liberty, if you deem it

10   proper under all of the circumstances to do so, to

11   disbelieve the testimony of such an interested witness,

12   even though it is not otherwise impeached or contradicted.

13        However, you are not required to disbelieve such

14   a witness, and may accept all or such part of her or his

15   testimony as you deem reliable, and reject such part as

16   you deem unworthy of acceptance.

17        The defendant Novartis Pharmaceuticals

18   Corporation is a corporation for brevity's sake, I will

19   refer to the defendant corporation as Novartis.  Under the

20   law, a corporation is a person, but it can only act

21   through its employees, agents or officers.  The law,

22   therefore, holds a corporation responsible for the acts of

23   its employees, officers and/or agents, but only if those

24   acts are authorized.  An act is authorized if it is part

25   of the ordinary course of employment after the person

Rebuttal Summation - Mr. Beins

2935

1  doing it, and in furtherance of the business of the

2  corporation.

3            The fact that the defendant Novartis is a

4  corporation should not affect your decisions.  All persons

5  are equal before the law.  Corporations, whether large or

6  small, are entitled to the same fair and conscientious

7  consideration by you as any other person.

8            Dr. Dionigi Maladorno, Joe Ann Machalaba,

9  Stefano Fratarcangeli -- I got that one right -- David

10  Epstein, and Dr. Diane young testified at the trial.  Did

11  I leave somebody out?  Who was the last one?

12            MR. VECCHIONE:  Carsten Goessl, your Honor.

13            THE COURT:  No, as an employee.

14            MR. VECCHIONE:  Okay.

15            THE COURT:  Okay.

16            All of those people testified at the trial.  At

17  the time of the occurrences involved in this case they

18  were and still are employees of the defendant Novartis.

19  The fact that these witnesses were, and still are,

20  employees of the defendant Novartis may be considered by

21  you in determining whether their testimony was in any way

22  influenced by their employment relationship with the

23  defendant Novartis.

24            Dr. Linda Weiss, Dr. Peter Tarassoff and

25  Dr. Carsten Goessl, G-O-E-S-S-L, testified at the trial.

Rebuttal Summation - Mr. Beins

2936

1    They were former employees of the defendant Novartis.  The

2    fact that these witnesses were formerly employed by the

3    defendant Novartis may be considered by you in determining

4    whether their testimony was in any way influenced by their

5    former employment relationship with the defendant

6    Novartis.

7             This is a big charge, this one coming up.  It's

8    on expert witnesses because there were a lot in this case.

9    You will recall that Dr. Richard Allen Kraut gave

10   testimony in the field of oral surgery.  Dr. Perry Perzov

11   gave testimony in the field of dentistry.  Dr. Eileen

12   Sheehy-Milano gave testimony in the field of oncologist.

13            Dr. Robert Marx and Dr. Salvatore Ruggiero gave

14   testimony in the field of oral and maxillofacial surgery.

15   Dr. Wayne Ray gave testimony in the field of epidemiology

16   also, Dr. Kenneth Fleischer gave testimony in the field of

17   oral and maxillofacial surgery.  Dr. Suzanne Parisian gave

18   testimony with regard to the Food and Drug Administration.

19   Dr. Arthur Goldberg gave testimony in the field of

20   oncology.  Dr. Janet Arrowsmith gave testimony in the

21   field of the Food and Drug Administration, and Dr. Graham

22   Russell gave testimony in the field of bone medicine.

23            When a case involves a matter of dentistry,

24   dental surgery, oncology, and diseases of the bones of the

25   jaw, the reaction to certain medications, and the Food and

Rebuttal Summation - Mr. Beins

2937

1   Drug Administration, requiring special knowledge or skill

2   not possessed by the average person, an expert is

3   permitted to state opinions for the information of the

4   court and jury.  The opinions stated by the experts were

5   based on particular facts as the experts, themselves,

6   observed, or as the attorney who questioned them asked

7   them to assume.

8           An expert is allowed to express an opinion on

9   those matters about which the expert has special knowledge

10  and training.  Expert testimony is presented to you on the

11  theory that someone who is experienced in the field can

12  assist you in understanding the evidence, or in reaching

13  an independent decision on the facts.

14          You may reject the expert's opinion if you find

15  the facts to be different from those which form the basis

16  for the opinion.  You may also reject the opinion if,

17  after careful consideration of all the evidence in the

18  case, expert and other, you disagree with the opinion.  In

19  other words, you are not required to accept an expert's

20  opinion, to the exclusion of the facts and circumstances

21  disclosed by other testimony.

22          Such an opinion is subject to the same rules

23  concerning reliability as the testimony of any other

24  witness.  It is given to assist you in reaching a proper

25  conclusion.  It is entitled to such weight as you find the

Rebuttal Summation - Mr. Beins

2938

1    expert's qualifications in the field warrant, and must be

2    considered by you, but is not controlling upon your

3    judgment.

4              You have heard testimony of experts who have

5    been called by both sides to give their opinions about the

6    prescription drug Zometa, the qualities of that drug,

7    cancer and its effect on bones, and the Food and Drug

8    Administration.  The experts who testified in this case

9    did so in order to assist you in reaching your decisions

10   on the multiple issues in this case involving the drug

11   Zometa.

12             Some of the testimony of the experts is in

13   conflict.  The experts disagree about some matters.  It

14   may seem strange to you that you are called upon to

15   resolve a conflict between experts who disagree, but you

16   must remember that you are the sole trier of the facts and

17   their testimony relates to questions of fact, and among

18   these questions of fact are whether the defendant is

19   liable for the sale and distribution of Zometa at the time

20   involved in this case, whether Zometa was a cause of

21   osteonecrosis of the jaw of the plaintiff Barbara Davids,

22   whether there was a failure to warn the appropriate

23   doctor, whether Novartis properly advised the Food and

24   Drug Administration as to the dangers of Zometa, and

25   whether the labels of Zometa properly warned the

2939

1    prescribing physician, among other issues.

2           Therefore, it is your job to resolve these

3    disagreements.  The way you resolve the conflict between

4    experts is the same way that you decide other fact

5    questions, and the same way you decide whether to believe

6    ordinary witnesses.  In addition, since they gave expert

7    opinions, you may consider the reasons for the opinions,

8    and each expert's motive, if any, for testifying.  All of

9    this may be considered by you.

10          You may give the testimony of each expert such

11   weight, if any, that you think it deserves in the light of

12   all the evidence.  You should not permit an expert's

13   testimony to be a substitute for your own reason, judgment

14   and common sense.

15          You may reject the testimony of any expert, in

16   whole or in part, if you consider the reasons given in

17   support of an opinion are unsound, or if you, for other

18   reasons, do not believe the expert witness.  The

19   determination of facts in this case rests solely with you.

20          I told you that evidence comes in various forms

21   such as the sworn testimony of witnesses, and exhibits.

22   There are, in addition, different kinds of evidence,

23   direct evidence and circumstantial evidence.

24          Direct evidence is where a witness testifies to

25   what he or she saw, heard or felt.  In other words, when a

Rebuttal Summation - Mr. Beins

1    says testifies about what is known by the witness's own

2    knowledge by virtue of the witness's own senses, what he

3    or she sees, touches or hears.  That is called direct

4    evidence.

5            Circumstantial evidence is evidence which tends

6    to prove a disputed fact by proof of other facts.  There

7    is a simple example of circumstantial evidence which is

8    often used.  Assume that when you came into the courthouse

9    this morning the sun was shining -- unlike Monday and

10   Tuesday -- the sun was shining, and it was a nice day.

11   Also assume, as is the case, that this courtroom has no

12   windows, and you cannot look outside.

13           As you are sitting here, someone walks in

14   shaking an umbrella, which is dripping wet.  Somebody else

15   then walks in with a raincoat which is also dripping wet.

16   Now, you cannot look outside of the courtroom, and you

17   cannot see whether or not it is raining.  So you have no

18   direct evidence of that fact.  But on the combination of

19   facts which I have asked you to assume, it would be

20   reasonable and logical for you to conclude that it was

21   raining outside.

22           Of course, not all circumstantial evidence

23   presents such a clear, compelling inference, and the

24   strength of inferences arising from other circumstantial

25   evidence is for you to determine.  That is all there is

2941

1   from circumstantial evidence.  You infer on the basis of

2   reason and experience and common sense from an established

3   fact the existence or the nonexistence of some other fact.

4   Please bear in mind, however, that an inference is not to

5   be drawn by guesswork or speculation.

6           Circumstantial evidence is of no less value than

7   direct evidence, for it is a general rule that the law

8   makes no distinction between direct and circumstantial

9   evidence.  You are to consider all the evidence in the

10  case, both direct and circumstantial, in determining what

11  the facts are and in arriving at your verdict.  I remind

12  you, however, that inferences are not to be drawn by you

13  based on guesses, speculation or conjecture.

14          You have heard evidence that at some earlier

15  time witnesses have said something which counsel argue is

16  inconsistent with the witness's trial testimony.  These

17  alleged inconsistent statements were made in the

18  depositions in this case.  Evidence of a prior

19  inconsistent statement was placed before you for the

20  purpose of helping you to decide whether to believe the

21  trial testimony of the witness who contradicted himself or

22  herself.

23          If you find that the witness made an earlier

24  statement that conflicts with his or her trial testimony,

25  you may consider that fact in deciding how much of his or

Rebuttal Summation - Mr. Beins

2942

1    her trial testimony, if any, to believe.  In making this

2    determination, you may consider whether the witness

3    purposely made a false statement, or whether it was an

4    innocent mistake, whether the inconsistency concerns an

5    important fact, or whether it had to do with a minor

6    detail.  Whether the witness had an explanation for the

7    inconsistency, and whether that explanation appealed to

8    your common sense.

9         It is exclusively your duty, based on all the

10   evidence and your own good judgment determine whether the

11   prior statement was inconsistent and, if so, how much if

12   any weight to give to the inconsistent statement in

13   determining whether to believe all or part of the

14   witness's testimony.  You are instructed that evidence of

15   discrepancies may be a basis to disbelieve a witness's

16   testimony.

17        On the other hand, discrepancies in a witness's

18   testimony, or between his or her testimony and that of

19   hers does not necessarily mean that the witness's entire

20   testimony should be discredited.  People sometimes forget

21   things, and even a truthful witness may be nervous and

22   contradict himself or herself.

23        It is also a fact that two people witnessing an

24   event may see or hear it differently.  Whether a

25   discrepancy pertains to a fact of importance or only to a

2943

1   trivial detail should be considered in weighing its

2   significance, but a willful falsehood always is a matter

3   of importance, and should be considered seriously.  It is

4   for you to decide based on your total impression of the

5   witness how to weigh the discrepancies, if any, in his or

6   her testimony.  You should, as always, use common sense,

7   and your own good judgment.

8            If you find that any witness has willfully

9   testified falsely as to any material fact, the law permits

10  you to disregard completely the entire testimony of that

11  witness upon the principle that one who testifies falsely

12  about one material fact is quite likely to testify falsely

13  about everything.  You are not required, however, to

14  consider such a witness as totally unworthy of belief.

15           You may accept so much of his or her testimony

16  as you deem true, and disregard what you feel is false.

17  By the processes which I have just described to you, as

18  the sole judges of the facts, you must determine which of

19  the witnesses you believe, what portion of their testimony

20  you accept, and what weight you will give to it.

21           As I advised you, this case should be considered

22  and decided by you as an action between parties of equal

23  standing in the community.  All persons and corporations

24  stand equal before the law, and are to be dealt with as

25  equals in court.  In reaching your verdict you are not to

Rebuttal Summation - Mr. Beins

2944

1    be affected by sympathy or any of the parties, what the

2    reaction of the parties or of the public to your verdict

3    may be, whether it will please or displease anyone, be

4    popular or unpopular, or, indeed, any consideration

5    outside the case presented to you in this courtroom.  You

6    should consider only the evidence, both the testimony and

7    the exhibits, find the facts from what you consider to be

8    the believable evidence, and apply the law as I now give

9    it to you to those facts.

10            Your verdict will be determined by the

11   conclusions thus reached, no matter whom the verdict helps

12   or hurts.

13            If in the course of your deliberations your

14   recollection of any part of the testimony should fail, or

15   you should find yourself in doubt concerning my

16   instructions to you on the law, it is your privilege, if

17   you so desire, to return to the courtroom for the purpose

18   of having such testimony or instructions read back to you.

19   It would be useful for you to be specific as to whether

20   you want all of the witness's testimony reread, in which

21   case that is what will be done, even though it will take a

22   long time to do so, or if you only want to hear a portion

23   of the testimony of a witness dealing with a specific

24   issue, let us know that.

25            I also caution you that it will take a long time

Rebuttal Summation - Mr. Beins

2945

1    to locate the particular portion of the testimony in the

2    court record, and for us to agree on the correct portion

3    to be read.  So please be patient with us.  If you request

4    a readback of the testimony, it generally takes a long

5    time to obtain the correct portion of the minutes.

6            Any questions from the jury should be in writing

7    from the foreperson, who you will select.  You have many

8    of the exhibits already.  We will send all the remaining

9    exhibits, if there are any, as you commence your

10   deliberations.  Also to assist you, we will send in to you

11   a list of the exhibits.

12           Further, as soon as these instructions to you

13   are prepared in final written form, these instructions

14   called the charge will be sent in to the jury deliberation

15   room for your use.  You must consider all the instructions

16   in the charge.

17           When I refer to the contentions of the parties I

18   give you these words of warning, what I say about the

19   facts is not evidence, just as what the lawyers say about

20   the facts is not evidence.  It is your recollection of the

21   facts that governs, not mine.  I'm not attempting to

22   review the testimony.  You and only you must decide the

23   facts from your own recollection of the evidence.

24           And if I refer to contentions of the parties I

25   caution you strongly that these contentions are not

Rebuttal Summation - Mr. Beins

2946

1   evidence.  These contentions are only the claims made by

2   each of the parties based on what that party contends was

3   adduced in the testimony or exhibits.  If any of these

4   contentions conflicts with what you find the evidence has

5   shown, disregard such a contention.

6          I will now instruct you, finally, I will now

7   instruct you as to the legal elements of the three causes

8   of action advanced by the plaintiff against the defendant.

9   There are three theories of liability in this case.

10          First, the plaintiff sued the defendant Novartis

11   with regard to the osteonecrosis of the jaw sustained by

12   the plaintiff on a theory known as strict products

13   liability, strict products liability, with regard to a

14   defect in the labels, namely, a failure to warn of the

15   dangers of contracting osteonecrosis of the jawbone by the

16   infusion of the drug Zometa.

17          Second, the plaintiff sues the defendant

18   Novartis on a theory known as breach of the implied

19   warranty of fitness for use, breach of the implied

20   warranty of fitness for use.  With regard to the failure

21   to warn of the dangers in the use of the drug Zometa,

22   namely, that it could cause osteonecrosis of the jawbone.

23          Third, the plaintiff sues the defendant Novartis

24   alleging that the injuries sustained by Barbara Davids

25   were due to the defendant's negligence in the failure to

2947

1   warn that the drug Zometa could cause osteonecrosis of the

2   jawbone.

3          On its part, the defendant Novartis denies any

4   responsibility under any of these theories, and contends,

5   first, it is not liable under the strict products

6   liability cause of action because there was no failure to

7   warn with regard to Zometa at the time of the plaintiff's

8   usage.

9          Second, there was no breach of the implied

10  warranty of fitness for use by a failure to warn of the

11  dangers of the use of Zometa.

12         And, third, there was no negligence by Novartis

13  with regard to the failure to warn of the dangers or risks

14  posed by the infusion of Zometa.

15         So that you will approach your deliberations in

16  the following manner:

17         First, you will decide whether the defendant

18  Novartis is responsible under the strict products

19  liability cause of action with regard to the alleged

20  failure to warn under the rules of law I will give you.

21         And, second, you will decide whether the

22  defendant Novartis breached the implied warranty of

23  reasonable fitness for use and reasonable warnings.

24         And, third, in the negligence cause of action,

25  you will decide whether the defendant Novartis was

2948

1   negligent in the failure to warn with regard to the use of

2   Zometa, which negligence was a proximate cause of the

3   osteonecrosis of the jaw of the plaintiff Barbara Davids.

4           If you decide that the plaintiff failed to prove

5   any of these theories, your verdict will be in favor of

6   the defendant on all the causes of action, and you need

7   not consider any other issues.

8           If you decide that the defendant Novartis is

9   liable under any of these causes of action, then you must

10  determine the amount of damages to the plaintiff

11  Barbara Davids.  As you have been advised in all these

12  endeavors, you will be assisted by a written verdict sheet

13  with questions for you to answer.

14          Now with respect to the burden of proof, what do

15  we mean by the burden of proof?  In this case the burden

16  of proof with regard to the alleged liability of defendant

17  Novartis under the doctrine of strict products liability,

18  breach of implied warranty, and negligence as to the

19  injuries and damages sustained by the plaintiff, is on the

20  plaintiff, Barbara Davids.  She has the burden of proof.

21          When a party has the burden of proof on a

22  particular issue, that means that considering all the

23  evidence in the case, that party's contention on that

24  issue must be established by a preponderance of the

25  credible evidence.  The credible evidence means that

Rebuttal Summation - Mr. Beins

1   testimony or exhibits that you find worthy to be believed.

2   A preponderance means the greater part of it.

3          That does not mean the greater number of

4   witnesses or the greater length of time taken by either

5   side.  The phrase refers to the quality of the evidence,

6   the weight and effect that it has on your minds.  The law

7   requires that in order for a party to prevail on an issue

8   on which she has the burden of proof, the evidence that

9   supports her claim on that issue must appeal to you as

10  more nearly representing what took place than that opposed

11  to her claim.

12         If it does not, or if it weighs so evenly that

13  you are unable to say that there is a preponderance on her

14  side, you must resolve the question against the party who

15  has the burden of proof, and in favor of the opposing

16  party.  That is because the party bearing this burden, the

17  plaintiff, must prove more than simple equality of

18  evidence.  The plaintiff must prove the element at issue

19  by a preponderance of the credible evidence.

20         On the other hand, the party with this burden of

21  proof need prove no more than a preponderance.

22         In sum, a fact has been proven by a

23  preponderance of the evidence if the jury finds that the

24  scales tip, however slightly, in favor of the party with

25  the burden of proof as to that fact.  Some of you may have

Rebuttal Summation - Mr. Beins

2950

1    heard of proof beyond a reasonable doubt, which is the

2    proper standard of proof in a criminal trial.  That

3    requirement does not apply to a civil case such as this,

4    and you should put it out of your mind.

5           Now, the first cause of action, strict products

6    liability/failure to warn cause of action.

7           I will now instruct you on the plaintiff's first

8    cause of action, which is called the strict products

9    liability cause of action.  In this case, of course, the

10   product we are talking about is the Zometa drug

11   manufactured and sold by the defendant Novartis, which is

12   the product involved in this occurrence.  A cause of

13   action in strict products liability lies where a

14   manufacturer of a product places on the market a product

15   which has inadequate and insufficient warnings with regard

16   to the known potential dangers in using the product.

17          A manufacturer or seller of a drug has a duty to

18   warn the doctors who prescribe the drug if it knew or

19   should have known about a drug's dangerous propensities

20   that might cause an injury when using the drug in a way

21   intended by the manufacturer.  A manufacturer of a product

22   like Zometa, who manufactures, sells and places in use its

23   product, with inadequate and insufficient warnings of

24   known risks and dangers in using the product, is liable

25   for injury which results from the use of the product, when

Rebuttal Summation - Mr. Beins

2951

1    the product is used as intended.

2         A product may be defective as a result of

3    inadequate warnings or instructions.  The burden of

4    proving that the product was defective with regard to the

5    warnings and that the defect with regard to the warnings

6    was a substantial factor in causing the plaintiff's injury

7    is on the plaintiff.

8         The burden of proving that the drug Zometa was

9    defective, namely that the warnings were inadequate and

10   failed to warn of the risk of osteonecrosis of the jaw,

11   and that the failure to properly inform was a substantial

12   factor in producing the injury and illness to

13   Barbara Davids, is on the plaintiff.

14        It is for you to determine whether the warnings

15   on the drug Zometa involved in this case were not

16   reasonably safe at the time the plaintiff was infused with

17   Zometa, in light of all the evidence presented in this

18   case.

19        The defendant Novartis denies that the warnings

20   were unsafe or insufficient, and contends that the

21   warnings were in accordance with the information in its

22   possession at that time, and that it complied with all

23   government and industry standards.

24        In sum, the plaintiff Barbara Davids claims that

25   the Zometa manufactured by the defendant Novartis was

Rebuttal Summation - Mr. Beins

2952

1    defective because safety warnings were inadequate in that

2    they failed to warn the prescribing doctors of the risk of

3    contracting osteonecrosis of the jaw by taking Zometa.

4    And Novartis denies that the product warnings were

5    inadequate and asserts that the warnings were fair,

6    correct and adequate, and represented the knowledge and

7    information then known to Novartis.

8            I instruct you that the manufacturer of a

9    product which is reasonably certain to be harmful if used

10   in a way that the manufacturer should reasonably foresee

11   is under a duty to use reasonable care to give adequate

12   warnings of any danger known to it, or which in the use of

13   reasonable care it should have known, and which the user

14   of the product ordinarily would not discover.

15           Reasonable care means that degree of care which

16   a reasonably prudent drug ever manufacturer and seller

17   would use under the same circumstances.  I instruct you

18   that a drug manufacturer has a duty to warn of all

19   potential dangers which it knew, or in the exercise of

20   reasonable care should have known to exist.

21           The duty to warn of dangers in the use of the

22   product exists, even though the product itself is properly

23   designed and made.  The manufacturer is under a duty to

24   ascertain the nature and side effects of its product, and

25   is presumed to have superior knowledge of these matters.

Rebuttal Summation - Mr. Beins

2953

1    This duty does not cease after a product is manufactured

2    or sold.

3            The manufacturer remains under a continuing duty

4    to keep abreast of knowledge of its product as gained

5    through research, adverse events reports, scientific

6    literature and other available methods, and to take such

7    steps as are reasonably necessary to bring that knowledge

8    to the attention of the medical community.  The duty is to

9    warn the medical community, not to Barbara Davids,

10   herself.

11           Also in this case the defendant Novartis had a

12   duty to warn only of risks it knew or reasonably should

13   have known to exist during the time period prior to

14   October 2003 and for the period from October 2003 to

15   January 2005, when the plaintiff Barbara Davids was

16   treated with Zometa.  A prescription drug manufacturer

17   discharges its duty to warn by timely providing clear and

18   accurate warnings to the medical community of those risks

19   which the manufacturer has knowledge, or should have

20   knowledge in the exercise of due diligence.

21           The manufacturer's warning must provide

22   sufficient information to the health care providers who

23   may have less knowledge of and experience with the drug.

24   To be timely, a warning must be made promptly upon

25   discovery of the association between a side effect and the

2954

1   use of the drug.

2          The requirement of clarity in the context of a

3   drug warning means that the language of the warning must

4   be direct, unequivocal and sufficiently forceful to convey

5   the danger, or the risk.  For a warning to be accurate, it

6   must be correct, fully descriptive and complete, and it

7   must convey updated information as to all of the product's

8   dangers.

9          In other words, an adequate warning is one that

10  clearly conveys the warning.  If you find that at the time

11  Zometa was marketed and sold prior to and during the time

12  period at issue no safety warnings or instructions

13  regarding osteonecrosis of the jaw risks associated with

14  Zometa were necessary, or that the safety warnings or

15  instructions accompanying the product were adequate, then

16  you will find that Zometa was not defective with regard to

17  the warnings, and you need proceed no further in your

18  deliberations in this strict products liability cause of

19  action.

20         However, if you find that at the time Zometa was

21  marketed and sold prior to and during the time period at

22  issue Novartis failed to warn the medical community of the

23  known risks associated with Zometa with regard to

24  osteonecrosis of the jaw, then you will find that Zometa

25  was liable -- I'm sorry -- that Novartis -- let me repeat

Rebuttal Summation - Mr. Beins

2955

1    that.

2            However, if you find that at the time Zometa was

3    marketed and sold prior to and during the time period at

4    issue Novartis failed to warn the medical community of the

5    known risks associated with Zometa with regard to

6    osteonecrosis of the jaw, then you will find that Novartis

7    was liable under the strict liability cause of action, and

8    you will proceed then to consider whether this warning

9    defect was a substantial factor in causing Barbara Davids

10   injuries and illnesses in her jaw.

11           So that, the failure to properly warn as to the

12   dangers of osteonecrosis of the jaw must be a substantial

13   factor in causing the plaintiff's injuries and illnesses.

14   The burden of proving that the failure to properly warn

15   was a substantial factor in causing the plaintiff's

16   injuries is on the plaintiff, namely, that the failure to

17   adequately warn the plaintiff with regard to osteonecrosis

18   of the jaw was a proximate cause of the injuries to her

19   jaw.

20           An inadequate warning or instruction may be

21   regarded as a substantial factor in causing the

22   plaintiff's injury if a reasonable person would regard it

23   as a cause of the injury.  The plaintiff need not

24   positively exclude every other possible cause.  If you

25   find that the failure to properly warn as to Zometa was

Rebuttal Summation - Mr. Beins

2956

1    not a substantial factor in causing Barbara Davids's

2    injuries, then you would proceed no further in your

3    deliberations on this issue.

4         If you find that the failure to properly warn as

5    to Zometa was a substantial factor in causing her

6    injuries, then your verdict as to this strict product

7    liability cause of action will be in favor of the

8    plaintiff Barbara Davids, and you will proceed to consider

9    what damages are necessary to compensate her for her

10   injuries.

11        I'm going to give you one more cause of action

12   and then we are going to take a break, because you are

13   going to need it, and I'm going to need it.

14        The second cause of action, breach of implied

15   warranty.  Now, what does that mean?

16        The second cause of action pursued by the

17   plaintiff Barbara Davids is for breach of the implied

18   warranty of reasonable fitness for ordinary purposes.  The

19   law implies a warranty by a drug manufacturer that places

20   a product on the market that it is reasonably fit for the

21   ordinary purposes for which such a product is used.

22        If the product is not reasonably fit to be used

23   for its ordinary purposes, the warranty is breached.  The

24   plaintiff claims that the Zometa produced and sold by the

25   defendant was not fit for its ordinary purposes because it

Rebuttal Summation - Mr. Beins

2957

1    could cause osteonecrosis of the jaw, and the labels did

2    not adequately warn the medical community of this risk and

3    danger.

4           The defendant denies that there was such a

5    defect in the Zometa, and, in any event, it placed full

6    and fair warnings as to this information within its

7    knowledge -- let me do that again.

8           The defendant denies that there was such a

9    defect in the Zometa, and, in any event, it placed full

10   and fair warnings as to the information within its

11   knowledge at the time of these events.  If you find that

12   the warnings on the drug Zometa during the period in

13   question fairly and adequately expressed the knowledge of

14   Novartis at that time, you will find that there was no

15   breach of the implied warranty, and you will find in favor

16   of the defendant Novartis on this cause of action.

17          However, if you find that the warnings on the

18   drug Zometa did not fairly and adequately express the

19   knowledge of Novartis as to the potential danger of

20   contracting osteonecrosis of the jaw, then the product

21   Zometa, and its warnings, were not reasonably fit to be

22   used for its ordinary purposes, and you will find that the

23   defendant Novartis breached its implied warranty of

24   reasonable fitness for use.

25          If you find that the defendant Novartis breached

Rebuttal Summation - Mr. Beins

2958

1    its implied warranty of reasonable fitness for ordinary

2    purposes with regard to the warnings on the Zometa at

3    issue, you will proceed to consider whether this breach of

4    warranty was a substantial factor in causing the injuries

5    to Barbara Davids; that is, whether a reasonable person

6    would regard it as a proximate cause of her injuries to

7    the jaw.

8            If you find that the breach of warranty was not

9    a substantial factor in causing the injuries to the jaw of

10   Barbara Davids, you need proceed no further in your

11   deliberations with regard to this cause of action for

12   breach of implied warranty.

13           If you find that the breach of warranty was a

14   substantial factor in causing the injuries, then you will

15   proceed to consider the damages issues.

16           I think, unless somebody wants to use the

17   bathroom I'm going to go through the third cause of action

18   now.  Okay.

19           We are going to take a 15-minute recess.  Please

20   don't discuss the case.  Don't start deliberating, even

21   though you heard the first two causes of action.  Wait

22   until it's over, and then when you are in that jury room

23   you can talk as much as you want.  I encourage you to talk

24   about the case at that time.  But not now.

25           Please recess yourselves.

Rebuttal Summation - Mr. Beins

2959

1           (Jury leaves the courtroom.)

2           THE COURT:  We have a continuing problem with

3    juror No. 12 who has only gas enough to get home --

4           THE CLERK:  No, he doesn't.

5           THE COURT:  He doesn't have enough gas to get

6    home and could not find gas and has requested to leave

7    early, so that he would miss the traffic going west, and

8    try to get gas.

9           When he says leave early, he means very shortly.

10   What's your thinking in the matter?

11          MR. VECCHIONE:  We have no objection to

12   deliberating with 11.

13          THE COURT:  Pardon?

14          MR. VECCHIONE:  We have no objection to

15   deliberating with 11.

16          MR. BERGER:  We would not want to hold up the

17   trial or inconvenience the jurors.

18          I guess we agree with that if that's what the

19   court wants to do.

20          THE COURT:  I'm going to speak to the juror and

21   see what he wants to do, but would you consent to go with

22   the 11 if I have to excuse him?

23          MR. BERGER:  If you have to excuse him, that's

24   fine.

25          THE COURT:  Let me talk to him.

Rebuttal Summation - Mr. Beins

2960

1             (The following takes place in chambers hallway.)

2             THE COURT:  Hello.

3             So we hear you are having problems with gas.

4             A JUROR:  Yes, I am.

5             THE COURT:  What is it, you have your car here

6    now?

7             A JUROR:  Yes, I do.

8             THE COURT:  How much gas do you have in the car?

9             A JUROR:  It's about three lines to the empty.

10            THE COURT:  Three lines to empty?

11            A JUROR:  Yes.

12            THE COURT:  Is it between empty and half full or

13   is it closer to empty?

14            A JUROR:  Closer to empty.

15            THE COURT:  What do you want to do?

16            What is your thought?

17            A JUROR:  I have triple A.  I would have to call

18   them if I can't get gas after we close today.

19            THE COURT:  You are going to have trouble

20   getting gas.

21            Everybody's having trouble getting gas.

22            THE CLERK:  GSA, the building, they own this

23   building, they are able to give you two gallons of gas.

24            So at least, I don't know if it's going to get

25   you the 40 miles to your home, I'm assuming it's 40 miles

2961

1    to wood haven.

2              A JUROR:  That would help a lot.

3              THE CLERK:  That's all it's going to get you, is

4    to get one way.

5              A JUROR:  I think that would be good enough.

6              THE COURT:  When would GSA be able to do it?

7              THE CLERK:  They can do it now.

8         They are only here until 4:30 or 4 o'clock.

9              THE COURT:  Here's the thing.

10        If you want to stay on this jury, do you want to

11   stay on this jury?

12             A JUROR:  Yes.

13        I can miss work.

14             THE COURT:  Well, then we have to break now and

15   let you try to get the gas, or we can excuse you as a

16   juror.  The thing is, tomorrow you are going to have to be

17   back here and suppose you don't get gas, then what

18   happens?

19             A JUROR:  I don't know.

20             THE CLERK:  If we give you the 2 gallons of gas

21   and you drive around and try to find a station, even if

22   the other juror can get you by the LIE, there's no

23   guarantee those two gas stations there would even have

24   gas.

25             So you would use up your 2 gallons just driving

Rebuttal Summation - Mr. Beins

2962

1    there.

2              THE COURT:  I think that it's going to be a

3    continuing problem, and although it may be a problem with

4    the other jurors too, I think I should allow you to leave

5    the jury, get the 2 gallons and go and not come back.

6              A JUROR:  Okay.

7              If that's your decision.

8              THE COURT:  I don't want to do that.

9              I'd rather keep you on the jury, so would

10   everybody else, but it's not going to work out, I don't

11   think.  We are going to try to finish the charge today.

12   If I finish the charge, you would not be able to get the 2

13   gallons of gas.

14             THE CLERK:  I think they close at 4:30 or 4

15   o'clock.

16             We were looking on line to see when they were

17   expecting deliveries out here for gas and they are saying

18   it could be another week.  We are all going to end up

19   having no gas left.

20             THE COURT:  It's going to be a problem for

21   others besides you, but as of this time I think we ought

22   to excuse you and get through with the charge, at least

23   that, so that the jurors can start deliberating in the

24   morning.

25             Otherwise we have to interrupt the charge.  As

Rebuttal Summation - Mr. Beins

2963

1   much as I'd like to keep you on I think we are going to

2   let you go.

3          A JUROR:  Okay.

4          THE COURT:  Will you arrange for him to get the

5   gas?

6          THE CLERK:  Yes.

7          THE COURT:  Just wait here a minute and I'll let

8   you know.

9          (In open court.)

10         THE COURT:  Did the defendants hear what I just

11  said?

12         MR. BERGER:  We have a live feed from

13  Mr. Lombardi.

14         THE COURT:  I didn't know that.

15         I would have shut it off.  So you know what the

16  story is.

17         MR. BERGER:  I do.

18         THE COURT:  Let me tell the plaintiffs.

19         MR. BERGER:  Sure.

20         THE COURT:  My courtroom deputy arranged for

21  juror No. 12 to get 2 gallons of gas from general services

22  administration.  That's all they have.

23         But he has to get it now because they leave.  So

24  my own opinion is we should relieve this juror, excuse

25  this juror, and let me finish the rest of the charge, so

Rebuttal Summation - Mr. Beins

2964

1    when they come in in the morning, they can start

2    deliberating.

3            We still have 11 jurors.

4            MR. VECCHIONE:  That's fine with the plaintiff,

5    your Honor.

6            We would like that.

7            THE COURT:  Any objection to that?

8            MR. VECCHIONE:  No, your Honor.

9            MR. BERGER:  No, your Honor.

10           We stated no objection.

11           THE COURT:  Okay.

12           I'm going to excuse him and bring the rest of

13   the jurors in.

14           (The following takes place in the chambers

15   hallway.)

16           THE COURT:  We are going to excuse you and you

17   are going to arrange to get the 2 gallons for him.

18           THE CLERK:  Yes.

19           THE COURT:  And I'm going to go in to the jurors

20   and explain to them with you.

21           THE CLERK:  I can mail you your certificate for

22   you for all the days you were here.

23           It will go out in tomorrow's mail.  If your

24   employer wants to verify that you were here those days

25   they certainly can call me in the meantime.  Our fax

Rebuttal Summation - Mr. Beins

2965

1   machine is iffy.  I can fax it to you tomorrow, but

2   certainly call me and I can try.

3            A JUROR:  Okay.

4            THE CLERK:  The jury department said they

5   probably won't be able to pay the jurors until Monday.

6            So you may not see a check this week.

7            A JUROR:  I'm not worried about a check.

8            THE CLERK:  Their systems are down also.

9            A JUROR:  It will be on record they served as a

10  juror in this case?

11           THE COURT:  Yes.

12           THE CLERK:  And if you want to call me next week

13  and see what the verdict is you certainly can call me and

14  I'll tell you, so you are not missing that at least.

15           A JUROR:  After work today I'm going to look

16  around in New York City and Queens, but if I get lucky and

17  find gas can I call back and be allowed to continue?

18           THE COURT:  No.

19           Once you are off, you are off.

20           A JUROR:  Okay.

21           THE COURT:  Okay.

22           (In open court.)

23           THE COURT:  Well, I told juror No. 12 and I'm

24  going to go in and explain this to the rest of the jurors.

25           Any objection?

Rebuttal Summation - Mr. Beins

2966

1        MR. VECCHIONE:  No, your Honor.

2        MR. BERGER:  No objection.

3        THE COURT:  I'll be right out to complete the

4    charge.

5             (The following steps in the jury room.)

6        THE COURT:  This very nice gentleman has a

7    problem, he has no gas.

8             We have arranged, scoured up, and I mean scoured

9    the marshal's service has no gas, the rest of the court

10   has no gas.  We finally got the general services

11   administration, which is the government agency that runs

12   the building, takes care of the cleaning, repairs, to get

13   2 gallons.

14        A JUROR:  I thought you were going to say fill

15   him up.

16             That won't even get him back to Brooklyn.

17        THE COURT:  Back, we have to get him down there

18   now.

19             So I spoke to the lawyers, I would like to

20   complete the charge before we leave today.  So we are

21   going to have to excuse juror No. 12.  I hope that's all

22   right with all of you, and if it's not, too bad.

23             I want to complete the charge, and he has to get

24   the gas.  He can't get out of here otherwise.  So it's

25   very nice having him, but we are going to continue with

Rebuttal Summation - Mr. Beins

2967

1    the 11 jurors.  I wanted to explain that to you.

2              I'll see you inside in a few minutes.

3              (In open court.)

4              THE COURT:  I explained this to the other jurors

5    that we are going to complete the charge.

6              (Whereupon, there was a pause in the

7    proceedings.)

8              THE CLERK:  Jury entering.

9              (Jury enters the courtroom.)

10             THE COURT:  Please be seated, members of our

11   patient and understanding jury.  We will continue with the

12   instructions.

13             The third cause of action, the negligence cause

14   of action.  I will now instruct you as to the negligence

15   cause of action against the defendant Novartis.  It is the

16   law that before the plaintiff Barbara Davids can recover

17   in this case on the negligence cause of action, she must

18   prove two elements by a preponderance of the credible

19   evidence.

20             First, that the defendant Novartis was negligent

21   with regard to the warnings, or lack of warnings on the

22   drug Zometa, and, second, that such negligence on the part

23   of the defendant Novartis was a proximate cause of the

24   injuries to Barbara Davids.

25             I have used the terms negligence and proximate

Rebuttal Summation - Mr. Beins

2968

1    cause.  I shall now define these terms for you.

2            The first question for you to determine is was

3    there negligence on the part of the defendant Novartis,

4    what, then, is negligence generally?  Negligence may not

5    be inferred by the mere happening of incidence, or the

6    mere fact that a person is rendered ill in certain

7    occurrences.

8            Negligence is lack of ordinary care.  In this

9    case it is a failure to exercise that degree of care which

10   a reasonably prudent manufacturer of a drug used for

11   cancer therapy would have exercised under the same

12   circumstances.  It may arise from doing an act which a

13   reasonably prudent manufacturer would not have done under

14   the same circumstances or, on the other hand, from failing

15   to do an fact which a reasonably prudent manufacturer of a

16   drug such as Zometa would have done under the same

17   circumstances.

18           An element for your consideration in the

19   negligence cause of action is the doctrine of

20   foreseeability.  Negligence requires both a foreseeable

21   danger of injury to another, and conduct unreasonable in

22   proportion to the danger.  A drug manufacturing firm is

23   not responsible for the consequences of its conduct,

24   unless the risk of injury was reasonably foreseeable.

25           The exact occurrence or precise injury need not

2969

1    have been foreseeable, but injury as a result of negligent

2    conduct with regard to the warnings or lack of warnings on

3    the Zometa label must have been not merely possible, but

4    probable.  It is the risk of injury which must be

5    foreseeable, not the manner in which the injury occurs.

6            If a reasonably prudent drug manufacturing firm

7    could not foresee any injury as a result of its conduct,

8    or if its conduct was reasonable in light of what it could

9    foresee, there is no negligence.  Conversely, there is

10   negligence if a reasonably prudent firm could foresee

11   injury as a result of its conduct, and its conduct was

12   unreasonable in the light of what it could foresee.

13           Initially, as I advise you in the negligence

14   cause of action, it is for you to determine from the

15   evidence whether the plaintiff has established by a

16   preponderance of the evidence that the defendant Novartis

17   was negligent with regard to the warnings, or lack of

18   warnings on the Zometa label, which negligence was a

19   proximate cause of the injuries to the jaw of

20   Barbara Davids.

21           As you have noted, the definition of negligence

22   I have just given you was, in part, general in nature.

23   This being a negligence action involving the manufacture

24   and sale of a product, namely, the drug Zometa, allegedly

25   the cause of osteonecrosis of the jaw of Barbara Davids,

Rebuttal Summation - Mr. Beins

2970

1    there are other rules of law specifically dealing with

2    such a product with which you must be apprised.

3           Now, in this negligence cause of action, what

4    are the duties and obligations of the defendant Novartis

5    as a manufacturer and seller of the drug Zometa?  A

6    manufacturer of a product which is reasonably certain to

7    have dangerous side effects owes a duty to exercise

8    reasonable care in the warnings issued with the product,

9    so that it will be reasonably safe for its normal uses.

10          Reasonable care means that degree of care which

11   a reasonably prudent manufacturer of such a drug product

12   would exercise in issues the warnings on the label and the

13   package inserts of the product in order to prevent known

14   harmful side effects to the user.

15          If you find that the warnings on the labels and

16   package inserts of the drug Zometa, which the plaintiff

17   Barbara Davids claims caused her osteonecrosis illness to

18   her jawbone were inadequate and failed to warn her of this

19   possible side effect, that with such a failure to warn the

20   drug Zometa was reasonably certain to be dangerous when

21   put to normal use and that the defendant failed to

22   exercise reasonable care in warning the medical community

23   of the known risks associated with Zometa by placing the

24   proper warnings on the labels and inserts, your findings

25   will be that the defendant Novartis was negligent.

Rebuttal Summation - Mr. Beins

2971

1           If, however, you find that the warnings on the

2     drug Zometa were fair, adequate and did relay the then

3     known side effects when put on the market by the

4     defendant, or that the defendant Novartis exercised

5     reasonable care in fairly and properly making and

6     distributing the warnings for Zometa, your finding will be

7     that the defendant Novartis was not negligent.

8           Stated simply, a manufacturer must exercise that

9     degree of care in its warnings with regard to the sale and

10    distribution of a drug such as Zometa so as to avoid any

11    known unreasonable risk of harm to anyone who used the

12    product in the manner for which the product was intended.

13    Failure to do so will render the manufacturer liable for

14    any injuries sustained as a result of the failure to warn.

15          In addition, the plaintiff claims that the

16    defendant Novartis violated a federal regulation by

17    negligently failing to adequately warn the medical

18    community of the risks of osteonecrosis of the jaw

19    associated with Zometa.  The Food and Drug Administration,

20    section 201.57 provides in part, quote, E for easy,

21    warnings:

22          Under this section heading the labelling shall

23    describe serious adverse reactions and potential safety

24    hazards, limitations in use imposed by them and steps that

25    should be taken if they occur.  The labelling shall be

Rebuttal Summation - Mr. Beins

2972

1  revised to include a warning as soon as there is

2  reasonable evidence of an association of a serious hazard

3  with a drug... end quote.

4          If you find that the defendant Novartis violated

5  this regulation, you may consider the violation as some

6  evidence of negligence, along with the other evidence in

7  the case, provided that such violation was a substantial

8  factor in bringing about the plaintiff's injuries.

9  However, on its part, the defendant Novartis has offered

10  evidence that Zometa and its warnings were approved by the

11  Food and Drug Administration at all times, when the Food

12  and Drug Administration approves a drug, it means that the

13  Food and Drug Administration considers the drug safe and

14  effective for an approved use.

15          Also in this case, I instruct you that the

16  defendant Novartis has a duty to warn only of risks it

17  knew or reasonably should have known to exist during the

18  time period prior to October 2003, and for the period from

19  October 2003 to January 2005, when the plaintiff

20  Barbara Davids was treated with Zometa.

21          The second question for your to determine is

22  proximate cause, was the negligence of the defendant

23  Novartis with regard to the warnings on Zometa, if you so

24  find, a proximate cause of the injuries to Barbara Davids?

25  What do we mean by proximate cause?  An act or omission is

1    a proximate cause of injury if it was a substantial factor

2    in bringing about the injury, that is, if it had such an

3    effect in producing the injury that a reasonable person

4    would regard it as a cause of the injury.

5            So that, in sum, if you find that the plaintiff

6    has established by a preponderance of the evidence that

7    the defendant Novartis is responsible under any of these

8    three theories, under the rules of law I have given you,

9    you will next turn your attention to the damages issues.

10   Your verdict as to each of these issues, including the

11   issues of liability, injuries and damages, must be

12   unanimous.  All 11 of you must agree on each question

13   presented to you for your determination.

14           I will now instruct you on the law of damages.

15   You reach the issue of damages only if you find that the

16   plaintiff proved that she is entitled to recover under the

17   laws I have explained the law to you by a preponderance of

18   the evidence.  The fact that I charge you on the issue of

19   damages does not mean that the plaintiff is entitled to

20   prevail.  That is for you to decide.  I instruct you on

21   this subject only in the event you decide that the

22   plaintiff has sustained her burden of proof as to

23   liability on the part of the defendant Novartis.

24           If you decide that the plaintiff is not entitled

25   to recover against the defendant Novartis, you need go no

Rebuttal Summation - Mr. Beins

2974

1    further.  In that event, please return to the courtroom

2    without considering the issue of damages.  Only if you

3    decide that the plaintiff is entitled to recover against

4    the defendant will you recover the measure of damages.

5            First of all, I want to instruct you that an

6    attorney's statement to you of the amount, and I don't

7    think there was in this case, is only that, a lawyer's

8    statement.  It is not evidence, and it is not binding on

9    you but, as I said, I didn't think there was a lawyer's

10   statement on the amount.

11           It is your sole and exclusive function to

12   determine the sum of money, if any, which will justly and

13   fairly compensate the plaintiff for the illnesses and

14   damages you find she sustained, and only from the evidence

15   in the case based on the law I will give you, not based on

16   an attorney's statement, claim or argument.

17           The purpose of awarding monetary damages in this

18   type of action is to compensate an injured party for the

19   damages sustained as a result of the culpable conduct of

20   the defendant.  Your award must be fair and just.  It

21   should neither be excessive nor inadequate.  It should be

22   reasonable.

23           As to the cause of action by plaintiff

24   Barbara Davids for her personal injuries, in assessing

25   such damages you will affix a sum or sums that will justly

Rebuttal Summation - Mr. Beins

2975

1  and fairly compensate her for all the injuries and

2  illnesses you find she sustained in two categories as

3  follows.

4          The first category, you must include in your

5  verdict an award for all the illnesses, pain and suffering

6  and the mental and emotional distress that you find she

7  has sustained as a result of her being afflicted with

8  osteonecrosis of the jaw as a result of her being infused

9  with Zometa to the present date.

10          The plaintiff Barbara Davids is entitled to

11 recover a sum of money which will justly and fairly

12 compensate her for all her injuries and illnesses to her

13 jaw caused by osteonecrosis of the jaw, and for her pain

14 and suffering from the time of this incident to this date.

15 In determining the award to be -- withdrawn.   In

16 determining the amount to be awarded the plaintiff for her

17 pain and suffering, you may take into consideration the

18 effect that the plaintiff's injuries may have had on her

19 ability to enjoy life.

20          Loss of enjoyment of life involves the loss of

21 the ability to enjoy life's daily tasks, to participate in

22 activities which were a part of the person's life before

23 the injury, and to experience the pleasures of life.   If

24 you find that the plaintiff is entitled to recover from

25 the defendant, you must also include in your verdict

2976

1   damages for any pain and suffering, mental suffering,

2   emotional and psychological injury caused by the alleged

3   wrongful act of the defendant.

4          The second category, if you find that any of the

5   injuries or illnesses of the plaintiff Barbara Davids are

6   permanent, you must make such allowance in your verdict as

7   you think that circumstance warrants, taking into

8   consideration the period of time that has elapsed from the

9   date of the injuries, from November 2004 to January 2005,

10  and the period of time that the plaintiff can be expected

11  to live.

12         In this connection, it is pointed out to you

13  that the plaintiff Barbara Davids, at 65 years of age, can

14  be expected to live for greater or less than 13 years,

15  according to the most recent life expectancy tables

16  published by the United States Government.  Such tables

17  are, of course, nothing more than statistical averages.

18  They neither assure the span of life that I have given

19  you, nor assure that the span of the life of the plaintiff

20  will not be greater.

21         The life expectancy figure I have given you is

22  not binding upon you, but may be considered by you,

23  together with your own experience and the evidence you

24  have heard concerning the condition of the plaintiff's

25  health, her habits and activities in determining the

Rebuttal Summation - Mr. Beins

2977

1    present life expectancy of the plaintiff.

2             In assessing damages, the measure of damages for

3    pain and suffering is reasonable compensation to be fixed

4    by the jury in the light of all the evidence in the case.

5    Consequently, the law does not try to, nor does the law

6    permit a precise formula by which pain and suffering as an

7    element of damage may be properly measured and reduced to

8    dollars and cents.  Instead of providing a formula for

9    measuring damages for pain and suffering, the law leaves

10   the assessment of damages on a dollar and cents basis to

11   the good common sense and good judgment of the jurors who

12   are entrusted to reach such a conclusion and arrive at

13   such sum as in the light of their common knowledge and

14   their general experience, and without regard to sentiment

15   or fanciful standards they deem fair and adequate.

16            In other words, without favor, without sympathy,

17   or without any precise formula, you as jurors must arrive

18   at a sum of money which will justly, fairly and adequately

19   compensate the plaintiff, for all the pain and suffering

20   you find that she endured and will endure in the future

21   which you find was caused by the culpable conduct which is

22   the subject of this lawsuit.

23            The fact that the plaintiff Barbara Davids may

24   have a physical or mental condition that makes her more

25   susceptible to injury than a normal healthy person does

Rebuttal Summation - Mr. Beins

1   not relieve the defendant Novartis of liability for all

2   injuries and illnesses sustained as a result of the

3   wrongful conduct, if you so find.

4          The defendant Novartis is liable, even though

5   those injuries and illnesses are greater than those that

6   would have been sustained by a normal healthy person under

7   the same circumstances.

8          I'm going to tell you about no double recovery.

9   What does that mean?  If you return a verdict in favor of

10  the plaintiff, you must award her such sum of money as you

11  believe will fairly and justly compensate her for all the

12  injuries and illnesses you believe she actually sustained

13  as a direct result of the conduct of the defendant.

14         Here the plaintiff claims that the defendant

15  violated her rights in three ways.  You must remember in

16  calculating the damages that the plaintiff is entitled to

17  be compensated only once for the injuries and illnesses

18  and residuals she actually suffered.  Thus, if you find a

19  defendant to be liable on more than one cause of action,

20  you should award an amount of compensatory damages no

21  greater than you should award if the defendant had

22  violated only one of the plaintiff's causes of action.

23         So that, you must be careful in the

24  determination of the proper measure of damages that you do

25  not award double compensation for injuries and residuals

Rebuttal Summation - Mr. Beins

2979

1    resulting from violation of several different causes of

2    action.

3            Now I'm going to talk to you about punitive

4    damages.  In addition to actual damages, the law permits

5    the jury under certain circumstances to award the injured

6    person punitive damages in order to punish the wrongdoer

7    for some extreme or outrageous misconduct.  To recover

8    punitive damages against the defendant Novartis, the

9    plaintiff Barbara Davids must prove that punitive damages

10   should be awarded by clear and convincing evidence.

11           Clear and convincing evidence, unlike a

12   preponderance of the evidence which governs all the three

13   causes of action, clear and convincing evidence is

14   evidence that produces in your minds a firm belief or

15   conviction that the allegations sought to be proved by the

16   evidence are true.  This means evidence that satisfies you

17   by a high degree of probability, different standard than a

18   preponderance of the evidence.  More strict standard than

19   preponderance of the evidence.

20           To decide for the plaintiff as to punitive

21   damages, it is not enough to find that the preponderance

22   of the evidence is in the plaintiff's favor.  A party who

23   must prove her case by a preponderance of the evidence

24   only need satisfy you that the evidence supporting her

25   case more nearly represents what actually happened than

Rebuttal Summation - Mr. Beins

2980

1    the evidence that which is opposed to it.  But a party

2    must establish her case by clear and convincing evidence,

3    must satisfy you that the evidence makes it highly

4    probable that what she claims is what actually happened.

5         If the plaintiff proves by a preponderance of

6    the evidence in this case that she's entitled to a verdict

7    for actual damages, and you further find that the acts or

8    omissions of the defendant Novartis, which proximately

9    caused injury or damage to the plaintiff were willfully or

10   wantonly done, then you may add to the award of actual

11   damages such amount as you shall unanimously agree to be

12   proper as punitive damages.

13        An act or a failure to act is wantonly done if

14   done in reckless or callous disregard of or indifference

15   to the rights of the injured person.  Wanton and willful

16   disregard means a deliberate act or omission with

17   knowledge of a high degree of probability of harm to

18   another, and reckless indifference to the consequences of

19   such act or omission.

20        An act is willfully done if done voluntarily or

21   intentionally.  In determining whether to award punitive

22   damages, you should consider:

23        1.  The likelihood at the relevant time that

24   serious harm would arise from the defendant's conduct.

25        2.  The defendant's awareness or reckless

Rebuttal Summation - Mr. Beins

2981

1   disregard of the likelihood that such serious harm would

2   result from the conduct.

3              3.   The conduct of the defendant upon learning

4   that its initial conduct could likely cause harm.

5              4.   The duration of the conduct or any

6   concealment of the conduct by the defendant.

7              In this regard I instruct you that where a drug

8   product manufacturer knowingly withheld or misrepresented

9   information required to be submitted under the agency's

10  regulations, which information was material and relevant

11  to the harm in question, punitive damages may be awarded.

12             Whether or not to make any award of punitive

13  damages in addition to actual damages is a matter

14  exclusively within the province of the jury.  If you

15  unanimously find from a preponderance of the evidence that

16  the acts or omissions of the defendant Novartis, which

17  proximately caused -- one minute, now.

18             I'm going to say that over again because I

19  didn't say it correctly.  I make mistakes from time to

20  time, and you know what happens?  The appellate court

21  tells me all about it, from time to time I'm going to

22  repeat that.

23             Whether or not to make any award of punitive

24  damages in addition to actual damages is a matter

25  exclusively within the province of the jury, if you

Rebuttal Summation - Mr. Beins

2982

1   unanimously find by clear and convincing evidence that the

2   acts or omissions of the defendant Novartis which

3   proximately caused actual damage to the plaintiff were

4   wantonly or willfully done.

5          However, you should always bear in mind that

6   such extraordinary damages would only be allowed if you

7   first award the plaintiff for actual or compensatory

8   damages, you should also bear in mind not only the

9   conditions under which and the purposes for which the law

10  permits an award of punitive damages to be made, but also

11  the requirement in the law that the amount of such

12  extraordinary damages, when awarded, must be fixed with

13  calm discretion and must never be awarded or fixed an

14  amount because of any sympathy or bias or prejudice with

15  respect to any party in the case.

16         The plaintiff Barbara Davids contends that the

17  Zometa label did not equal warn doctors about the risk of

18  osteonecrosis of the jaw.  The defendant Novartis contends

19  that the Zometa label did, in fact, adequately warn

20  doctors about the risk of osteonecrosis of the jaw, based

21  on the scientific information that was known or reasonably

22  could have been known at the time.

23         Both parties have presented expert testimony

24  that bears on this issue.

25         If you find that there is a legitimate

Rebuttal Summation - Mr. Beins

2983

1   disagreement among the experts concerning the questions of

2   the Zometa warnings, that is, if you believe that their

3   disagreement about the warnings is a reasonable one that

4   simply reflects good faith in their professional

5   judgments, then you may not award punitive damages.  Also,

6   the amount of punitive damages, if any, that you may

7   decide to award in this case must relate only to the harm

8   allegedly caused to the plaintiff Barbara Davids.  You may

9   not consider any harm that may have allegedly been done to

10  other individuals who are not in this case.

11          Further, if you determine punitive damages are

12  warranted in this case, you may consider in awarding the

13  amount of such damages the benefits to society that the

14  defendant Novartis provides as a manufacturer of the Food

15  and Drug Administration approved pharmaceutical products,

16  for the purpose of improving the quality of people's

17  lives, if you so find.  So it is entirely up to you to

18  decide whether or not punitive damages should be awarded.

19          In this respect, you have considerable

20  discretion.  You may decide that even though compensatory

21  damages have been awarded, you believe that no punitive

22  damages are called for.  I can give you no objective

23  yardstick for measuring punitive damages.  You will have

24  to use your own common sense and experience and determine

25  what amount would be appropriate to punish the defendant

Rebuttal Summation - Mr. Beins

2984

1   Novartis and subject it to punitive damages to create a

2   deterrent example.

3           However, the amount of punitive damages should

4   be fair and reasonable, and should be proportionate to the

5   need to punish the defendant and to deter it from like

6   conduct, but should not be based on whim or on

7   unrestrained imagination.

8           Happily, this brings me to the closing part of

9   these instructions.  You don't look happy.  You would like

10  me to go on for another two hours.  But happily this

11  brings me to the closing part of these instructions, some

12  general rules regarding your deliberations.

13          Again I instruct you that your verdict must be

14  unanimous.  It's magic how she comes in at the right time,

15  or is it the microphone that's in her office?  I thought

16  it was mind reading.

17          Again, I instruct you that your verdict must be

18  unanimous, that is, all 11 of you must agree on each and

19  every question to be answered in this verdict, and, as I

20  told you, in the jury room your first task is to select a

21  jury foreman or forewoman.

22          As I advised you, a written verdict sheet with

23  questions will be submitted to you with spaces for you to

24  answer.  In fact, the lawyers went over this to some

25  extent in their closing arguments.  In the jury room after

Rebuttal Summation - Mr. Beins

2985

1   your deliberations on each question you are requested to

2   answer each question you find appropriate to answer.

3   Follow all the instructions carefully.  They are

4   excellent.  I know because I did them myself.

5           After all the questions you find appropriate to

6   answer are completed, the foreperson is then requested to

7   sign and return the written verdict sheet to the deputy

8   clerk, the answers to these questions will be your

9   verdict.  You may not infer from the fact that questions

10  are submitted to you or from the wording of the questions

11  or from anything I say in instructing you concerning the

12  questions that it is the court's view that your answer to

13  any of the questions should be one way or the other, or

14  that your verdict should be in favor of one party or

15  another.

16          Madame Deputy, please give out the verdict

17  sheets.

18          (Whereupon, there was a pause in the

19  proceedings.)

20          THE COURT:  If I have your attention one minute

21  more and we'll go over the verdict sheet.

22          Each juror will with a copy of the verdict sheet

23  in the jury room to work with and there will be one extra

24  copy for the foreperson to fill out and sign and bring in

25  to the courtroom as your verdict, so you will each have a

Rebuttal Summation - Mr. Beins

2986

1    copy of the verdict sheet to work with, write on, do

2    whatever you want, but there will be one extra copy for

3    the foreperson.  That will be the official verdict after

4    you have reached a unanimous verdict.

5           I will now go over the form of the written

6    verdict sheet.

7           In accordance with the principles of law as

8    charged by the court, and the facts as you find them,

9    please answer the following question.  As to the strict

10   products liability cause of action:

11          1.  Did the plaintiff Barbara Davids prove that

12   the warnings for the Zometa used by Barbara Davids were

13   inadequate with regard to the osteonecrosis of the jaw,

14   which Novartis either knew about or reasonably should have

15   known about at the times at issue?  Yes, the plaintiff

16   proved it, check that, or, no, the plaintiff failed to

17   prove that, check that.

18          If your answer to question one is no, you have

19   found a verdict in favor of the defendant Novartis in the

20   strict products liability cause of action.  In that event,

21   do not answer question two, and please proceed to question

22   three.

23          The your answer to question one is yes, please

24   answer question two.  The top of page two.

25          2.  Did the plaintiff Barbara Davids prove that

2987

1   the failure to give an adequate warning was a substantial

2   factor in bringing about the plaintiff's osteonecrosis of

3   the jaw?  Yes, plaintiff proved it, no, she failed to

4   prove it, check which one.

5          If your answer to question two is no, you found

6   a verdict in favor of the defendant Novartis in the strict

7   products liability cause of action.  In that event, please

8   answer question three.

9          If your answer to question two is yes, that

10  means you will have answered one and two, you have found a

11  verdict in favor of the plaintiff Barbara Davids against

12  the defendant Novartis in the strict products liability

13  cause of action.  In that event, please answer question

14  three.

15         As to the breach of implied warranty cause of

16  action:

17         3.  Did the plaintiff Barbara Davids prove that

18  Novartis breached its implied warranty of merchantability

19  in that the warnings on the Zometa used by Barbara Davids

20  were not adequate for the ordinary and regular use of the

21  product?  Yes, the plaintiff proved it, check that, no,

22  she failed to prove it, check that.

23         If your answer to question three is no, you have

24  found a verdict in favor of the defendant Novartis in the

25  breach of implied warranty cause of action.  In that

Rebuttal Summation - Mr. Beins

1    event, do not answer question four, and please proceed to

2    question five.

3           If your answer to question three is yes, please

4    answer question four, top of page three.

5           4.  Did the plaintiff Barbara Davids prove that

6    the breach of implied warranty was a substantial factor in

7    bringing about the plaintiff's injuries from osteonecrosis

8    of the jaw?  Yes, she proved it, no, she failed to prove

9    it.  Check which one.

10          If your answer to question four is no, you have

11   found a verdict in favor of the defendant Novartis in the

12   breach of implied warranty cause of action.  In that

13   event, please proceed to question five.

14          If your answer to question four is yes, you have

15   found a verdict in favor of the plaintiff Barbara Davids

16   in the breach of implied warranty cause of action.  In

17   that event, please proceed to question five.

18          As to the negligence cause of action.

19          5.  Did the plaintiff Barbara Davids prove that

20   the defendant Novartis was negligent in that it failed to

21   provide an adequate warning with respect to the relation

22   between Zometa and osteonecrosis of the jaw?  Yes, the

23   plaintiff proved it, check yes.  No, the plaintiff failed

24   to prove it, check no.

25          If your answer to question five is no, you have

2989

1    found a verdict in favor of the defendant Novartis in the

2    negligence cause of action.  In that event, do not answer

3    question six, and please proceed to the instructions

4    following question six.

5              If your answer to question five is yes, please

6    answer question six, top of page four.

7              6.  Did the plaintiff Barbara Davids prove that

8    the negligence of the defendant Novartis in failing to

9    give an adequate warning was a substantial factor in

10   causing the injuries to plaintiff Barbara Davids?  Yes,

11   she proved it, no, she failed to prove it, check which

12   one.

13             If your answer to question six is no, you have

14   found a verdict in favor of the defendant Novartis in the

15   negligence cause of action.  Please proceed to the

16   instructions following this question.

17             If your answer to question, it should be

18   question six, not questions six, question six is yes, you

19   can put a little cross out that S and make it if your

20   answer to question six is yes, you have found a verdict in

21   favor of the plaintiff in the negligence cause of action.

22   Please proceed to the instructions following this

23   question.

24             Instructions.

25             If your verdict is in favor of the defendant

Rebuttal Summation - Mr. Beins

2990

1    Novartis on all of the liability causes of action, cease

2    deliberations.  The foreperson is requested to date and

3    sign the verdict sheet and announce by note that you have

4    reached a verdict and are prepared to return to the

5    courtroom to announce your verdict.

6         Only if your verdict is in favor of the

7    plaintiff Barbara Davids against the defendant Novartis

8    Pharmaceuticals Corporation on any of the liability causes

9    of action, please answer the damages questions that

10   follow.  Page six, top, as to damages.

11        7.  What amount do you award to the plaintiff

12   Barbara Davids for her injuries and her pain and suffering

13   incurred to the present date, blank dollars, one sum.

14        8.  What amount do you award to the plaintiff

15   Barbara Davids for her injuries and her pain and suffering

16   to be incurred in the future, blank dollars, one sum.

17        As to punitive damages:

18        9.  Did the plaintiff Barbara Davids prove that

19   defendant Novartis knowingly withheld or misrepresented

20   information and warnings required to be submitted under

21   the Food and Drug Administration's regulations as to the

22   relationship between Zometa and osteonecrosis of the jaw,

23   which information and warnings were material and relevant

24   to Barbara Davids's injuries?

25        Now, that's quite a large paragraph, but you can

2991

1   read it again when you are in the jury room.  If the

2   plaintiff proved this, knowingly withheld or

3   misrepresented information and warnings that were material

4   and relevant, answer check yes.

5        If the plaintiff failed to prove it, check no.

6   Follow the instructions.  If your answer to question nine

7   is no, no punitive damages can be awarded.  In that event,

8   cease deliberations.  The foreperson is requested to date

9   and sign the verdict sheet and announce by note that you

10  have reached a verdict and are prepared to return to the

11  courtroom to announce your verdict.

12        If your answer to question nine is yes, please

13  answer question ten, to top of page six.

14        10.  Did the plaintiff Barbara Davids prove that

15  the injury, loss or harm suffered by the plaintiff was a

16  result of defendant Novartis's acts or omissions with

17  regard to inadequate warnings, and, that the conduct of

18  the defendant Novartis was in wanton and willful disregard

19  of Ms. Davids's rights?

20        I have defined what wanton and willful mean.  If

21  you find the plaintiff proved that, and this, by the way,

22  nine and ten are by clear and convincing evidence, if you

23  find the plaintiff proved that, check yes.  If she failed

24  to prove it, check no.

25        If your answer to question ten is no, no

1    punitive damages can be awarded.  In that event, cease

2    deliberations.  The foreperson is requested to date and

3    sign the verdict sheet, and announce by note that you have

4    reached a verdict and are prepared to return to the

5    courtroom to announce your verdict.

6            If your answer to question ten is yes punitive

7    damages can be awarded.  Please answer question 11.

8            11.  What amount, if any, do you award in

9    punitive damages to punish defendant Novartis's conduct in

10   regard to the lack of adequate warnings as to Zometa and

11   to deter it from similar wrongful conduct in the future,

12   blank dollars, one sum.

13           Then you reach that point, the foreperson signs

14   and dates the verdict sheet, and by note advise the court

15   that you have reached a verdict and are ready to return to

16   the courtroom to announce your verdict, and the foreperson

17   will fill in the date, and sign the verdict sheet, the

18   extra verdict sheet that you have.

19           Also, you have received most of the exhibits,

20   and I will send in the other exhibits if there are any you

21   convenient received and lists of the exhibits, and a copy

22   of these instructions in writing when they are completed.

23   Please do not discuss this case with anyone outside the

24   jury room.  If you have to communicate you will do it in

25   writing to me by a note signed by your foreperson.

Rebuttal Summation - Mr. Beins

2993

1          As you have already discovered, and used, we

2    have a buzzer signal, and when you have a question in

3    writing, or reach a verdict, please press the buzzer.  It

4    will serve as your signal to us that you have a question,

5    or that you have reached a unanimous verdict.

6          No member of the jury should ever attempt to

7    communicate with the court by any means other than a

8    signed writing, and the court will never communicate with

9    any member of the jury on any subject touching the merits

10   of this case, otherwise than in writing or orally here in

11   open court.  Bear in mind also that you are never to

12   reveal to any person, not even to the court, how the jury

13   stands numerically or otherwise on any question before you

14   until after you have reached a unanimous verdict.

15         I have now outlined for you the rules of law

16   applicable to this case, and the processes by which you

17   weigh the evidence and determine the facts.  In a few

18   minutes you will retire to the jury room for your

19   deliberations, but, of course, you are going to go over

20   until tomorrow morning.  It's too late now.

21         In order that your deliberations may proceed in

22   an orderly fashion, you must have a foreperson, which you

23   will select.  But, of course, her or his vote is entitled

24   to no greater weight than that of any other juror.

25         Your function, to reach a fair conclusion from

Rebuttal Summation - Mr. Beins

2994

1  the law and the evidence, is an important one.  When you

2  are in the jury room listen to each other, and discuss the

3  evidence and issues in the case among yourselves.  It is

4  the duty of each of you as jurors to consult with one

5  another and to deliberate with a view of reaching

6  agreement on this verdict, if you can do so without

7  violating your individual judgment and your conscience.

8       While you should not surrender conscientious

9  convictions of what the truth is, and of the weight and

10  effect of the evidence, and while each of you must decide

11  the case for yourself and not merely acquiesce in the

12  conclusion of your fellow jurors, you should examine the

13  issues and the evidence before you with candor and

14  frankness and with proper deference to and regard for the

15  opinions of each other.

16       While you may have honest differences of opinion

17  with your fellow jurors during the deliberations, each of

18  you should seriously consider the arguments and opinions

19  of the other jurors.  Do not hesitate to change your

20  opinion if after discussion of the issues and

21  consideration of the facts and evidence in the case you

22  are persuaded that your initial position is incorrect.

23       However, I emphasize that no juror should vote

24  for a verdict unless it represents his or her

25  conscientious judgment.  Remember in your deliberations

Rebuttal Summation - Mr. Beins

2995

1    that the dispute between the parties is for them no

2    passing matter.  They and the court rely upon you to give

3    full and conscientious deliberation and consideration to

4    the issues and evidence before you.

5              By so doing, you carry out to the fullest your

6    oath as a jury man and jury woman, to well and truly try

7    the issues of this case, and to render a true verdict.

8              I will now speak to the lawyers one more time.

9              (Continued on next page.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25